CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 07 2018

JULIA C. DUDLEY, CLERK
BY: /s/ A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ADRIAN: CARTER(C), | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 5:18cv00096 |
| v. | ) |
| | ) By:    Hon. Michael F. Urbanski |
| TIM COOK, et al., | ) Chief United States District Judge |
| Defendants. | ) |

## MEMORANDUM OPINION

Proceeding pro se, plaintiff Adrian: Carter(c) ("Carter(c)"), filed the instant complaint against Tim Cook and Apple Management, seeking leave to proceed in forma pauperis. For the reasons set forth below, Carter(c)'s application to proceed in forma pauperis will be **GRANTED** and his complaint will be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I.

Carter(c)'s statement of his claim consists of two sentences. "For over 10 years Apple has provided me with defective MacBook Pros. The last on [sic] lasted less than 5 months." ECF No. 2, at 4. He asserts federal question jurisdiction under the Magnuson-Moss Act, see ECF No. 2, at 3, and references the Racketeer Influenced and Corrupt Organizations Act in the civil action cover sheet. ECF No. 2–1, at 1. By way of remedy, Carter(c) states: "Because I can not go for %10 from Apple, I ask for 15 Billion." ECF No. 2, at 4.

### II.

Carter(c) moves to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1).

1

ECF No. 1. The court will grant Carter(c)'s motion to proceed in forma pauperis. However, after reviewing the complaint, the court concludes that this action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Under 28 U.S.C. § 1915(e)(2)(B), district courts have a duty to screen initial filings and dismiss a complaint filed in forma pauperis at any time if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Carter(c)'s complaint fails to state a claim on which relief may be granted. Rule 8 of the Civil Rules of Civil Procedure requires a pleading that states a claim for relief to contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Carter(c)'s two-sentence description of his claim fails to allege how his grievance with Tim Cook and Apple Management entitles him to relief. The complaint does not state how the MacBook Pros were defective, the circumstances of the purchases of the MacBook Pros, or any pertinent information that could allow the court to assess the merits of his claim under the Magnuson-Moss Act, 15 U.S.C. § 2301 et seq., or Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. In fact, Carter(c) makes no allegations of racketeering activity and thus does not appear to make such a claim in the complaint itself.[1]

---

[1] As explained by the district court for the Eastern District of Virginia,

> RICO makes it unlawful: (1) to use or invest income derived from a "pattern of

Moreover, Carter(c) asserts no basis for federal jurisdiction over this matter. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." (internal citations omitted)). When considering the issue of whether federal question jurisdiction is present, a federal court is not bound by the parties' characterization of a case. District courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." Lyon v. Centimark Corp., 805 F.Supp. 333, 334–35 (E.D.N.C. 1992); see Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908).

The complaint's allegations are inadequate to support a finding that the Magnuson-Moss Act's required minimum amount in controversy is met. Under the relevant provision in the Act titled "Remedies in consumer disputes," Congress has established limited federal jurisdiction to hear claims:

> (d) Civil action by consumer for damages, etc.; jurisdiction; recovery of costs and expenses; cognizable claims
>
> . . .
>
> (3) No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection—
> (A) if the amount in controversy of any individual claim is less than the sum or value of $25;

---

racketeering activity" in the acquisition of an interest in, or to establish or operate, an enterprise engaged in activities that affect interstate commerce; (2) through a "pattern of racketeering activity" to acquire or maintain an interest in an enterprise engaged in activities that affect interstate commerce; (3) through "a pattern of racketeering activity" to conduct or participate in the conduct of the affairs of an enterprise engaged in activities affecting interstate commerce; or (4) to conspire to violate any of the above provisions. 18 U.S.C. § 1962. The statute sets forth various predicate acts that constitute "racketeering activity." Id. § 1961(1). A "pattern of racketeering activity" requires at least two acts of racketeering activity committed with ten years of each other. Id. § 1961(5).

Fiorani v. Chrysler Grp., LLC, No. 113CV346AJTIDD, 2014 WL 12527186, at *2 (E.D. Va. Jan. 30, 2014), aff'd, 580 F. App'x 182 (4th Cir. 2014). The complaint is devoid of allegations of such conduct.

3

> (B) *if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit;* or
> (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

15 U.S.C. § 2310(d)(3) (emphasis added). Subsection (3)(B) sets a $ 50,000 minimum amount in controversy for any civil action as a whole. See Fleming v. Apollo Motor Homes, Inc., 87 F.R.D. 408, 410 (M.D.N.C. 1980). In absence of a showing of the minimum amount in controversy, no viable Magnuson–Moss Act claim is stated. See Saval v. BL Ltd., 710 F.2d 1027, 1030 (4th Cir. 1983) (affirming dismissal of complaint where amount not shown); Adams v. Butler, No. 6:13-CV-02241-GRA, 2013 WL 5781712, at *4 (D.S.C. Oct. 25, 2013) ("Because Plaintiffs' allegations seek approximately $9,500 in damages, they cannot proceed under the Magnuson–Moss Warranty Act."); Enobakhare v. Carpoint, LLC, No. 08 CV 4798(ARR), 2011 WL 703920, *11 (E.D.N.Y. Jan.11, 2011) ("Accordingly, because plaintiff has not satisfied his burden to allege that his MMWA claim meets the $50,000 jurisdictional threshold ... he cannot proceed with a claim under the MMWA in federal court."), adopted by 2011 WL 704902 (E.D.N.Y. Feb.16, 2011); Davis v. Kia Motors of Am., No. CA 6:10-2931-JMC-KFM, 2010 WL 8039941, at *3–4 (D.S.C. Nov. 22, 2010), report and recommendation adopted, No. CA 6:10-2931-TMC, 2011 WL 6122588 (D.S.C. Dec. 9, 2011), aff'd, 467 F. App'x 199 (4th Cir. 2012) (dismissing Magnuson-Moss Act claim where plaintiff only alleged "amount in controversy is over $25.00").

This is the amount in controversy that governs Carter(c)'s Magnuson–Moss Act claim and that requires a finding of no federal question jurisdiction. Despite Carter(c)'s assertion that he is entitled to $50 billion in damages, the complaint's allegations do not support a

finding of at least $ 50,000 in controversy in this case. Carter(c)'s statement that he has damages of $50 billion has no discernible relationship to the cost of a MacBook Pro. Courts admittedly have used differing methodologies in calculating damages available under the Magnuson-Moss Act. See Burtt v. Ford Motor Co., No. 4:07CV00038, 2008 WL 373659, at *2 (W.D. Va. Feb. 11, 2008) (discussing calculation of available damages in vehicle warranty action). These calculations are governed by state law, except where expressly restricted by the Magnuson-Moss Act. See Schimmer v. Jaguar Cars, Inc., 384 F.3d 402, 405 (7th Cir. 2004). Part of the Uniform Commercial Code as adopted by Virginia, § 8.2-714 states:

> The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.

Va. Code Ann. § 8.2-714(2). Further, "[i]n a proper case any incidental and consequential damages under [§ 8.2-715] may also be recovered." Va. Code Ann. § 8.2-714(3).

Liberally reviewing Carter(c)'s complaint, it is inconceivable that the difference between the value of his MacBook Pros and the value of the MacBook Pros if they were as warranted amounts to $50 billion, and highly improbable that the difference in value amounts to $50,000. At a minimum, Carter(c) does not allege facts supporting a difference in value of $50,000 but only makes a conclusory allegation regarding his damages. Carter(c) further does not allege facts in support of incidental or consequential damages, and thus the court cannot make a determination about their likelihood of supporting a claim of at least $50,000. As Carter(c) has not plausibly pled a claim under the Magnuson-Moss Act, the court does not have authority to hear his claim. A full review of the Complaint discloses no

other potential bases for the exercise of federal question jurisdiction on the face of the pleading, thus summary dismissal for lack of federal question subject-matter jurisdiction is required.

The court construes pro se complaints liberally, imposing "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 104–05 (1976)). However, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). For the reasons set forth above, Carter(c)'s complaint fails to state a legal claim upon which relief may be granted. Thus, his complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

### III.

Accordingly, this matter will be **DISMISSED** without prejudice and **STRICKEN** from the active docket of the court.

An appropriate Order will be entered. The clerk is directed to send a copy of this Memorandum Opinion to all counsel of record and the pro se plaintiff.

Entered: August 7, 2018

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge